Fred C. Campbell v. Commissioner.
Campbell v. Commissioner
Docket No. 20099.
United States Tax Court
1949 Tax Ct. Memo LEXIS 96; 8 T.C.M. (CCH) 715; T.C.M. (RIA) 49198; August 25, 1949
*96 Held, a valid partnership existed between petitioner and his two sons in the taxable year 1945. Kevin Killeen, Esq., 1000 Ellicott Square Bldg., Buffalo, N. Y., for the petitioner. Thomas R. Charshee, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency of $17,946.41 in petitioner's income tax for the year 1945, consequent chiefly on his holding that "The partnership of Waverly, Sayre and Athens Transportation Co. * * * is not recognized for Federal income tax purposes * * *." [The Facts] Petitioner is an individual who resides at Odessa, New York, and filed his individual income tax return for the year 1945 with the collector of internal revenue for the 21st district of New York. On January 29, 1940, petitioner became the owner of Waverly, Sayre and Athens Transportation Company, Inc. by purchasing the stock thereof for $5,000 and by assuming and subsequently paying the debts of the company to the extent of $14,000. The company was engaged in the operation of a bus line between Waverly, New York, and Sayre and Athens, Pennsylvania. The company operated at a loss of $2,427.66 in 1940; *97 a loss of $1,258.97 in 1941 and at a profit of $7,137.40 in 1942. Petitioner had two sons, Wells S. Campbell and Ray H. Campbell, who, before their entry into the armed forces in September 1940 and in February 1943, respectively, worked for the company in order to "learn the business." Petitioner and his sons had frequently discussed joining in the business of the bus company. In the summer of 1943 Ray was home on sick leave from the army, at which time he and his father had a conversation respecting his going into business with the father and brother. At this time a verbal agreement was reached that the sons should go into such business. Petitioner thereupon wrote his son Wells in North Africa, in part, as follows: "Ray has been with me three weeks and he and I agree we should form a partnership for the bus line right away, just you, Ray and I, as Lillian is too sick now to have any interest in anything in a business way and wants Ray to take over for her making it an equal partnership of us three, and you two can operate it more and more as I will just have to do less. "You are familiar with the details of the bus line, and all the change will be Lillian will not have any interest *98 and each will have a one third interest. Your share will be one third the present book value plus the $5000. cost of stock or about $6,500.00. You must have around this much to your credit in your account with me and some credit in the Friedman mortgage (think this was $4,600) so there should be enough here to pay your share." Under date of October 15, 1943, Wells wrote his father, in part, as follows: "The Bus Partnership as I understand it is proposed each has one third of book value and Cost of stock only. This should make my share under $7,000.00 and with what is my account held by you from my inheritance, sales of Strauss Bonds, and the Friedman claim should have more than enough and you have my Power of attorney so can Borrow on my life insurance policy if necessary." Petitioner had a book in which he had kept record of accounts of his two sons starting several years before. In this account were recorded funds turned over to the father on behalf of the sons and received by the sons from the grandfather and their mother, together with certain other gifts. Also were recorded purchases made on behalf of the sons and income earned and disbursements made. There were ample funds *99 to the credit of each of the sons to pay for their shares in the company. Under date of December 31, 1943, articles of co-partnership providing for equal shares of the three men were executed. These articles were signed by petitioner for himself, and by virtue of powers of attorney, for each of the sons. He had specific approval of the sons for signing the articles of partnership. The articles of agreement signed as above referred to, were substantially as follows: "ARTICLES OF AGREEMENT, made this 31st day of December 1943. BETWEEN Fred C. Campbell, Wells S. Campbell, Ray H. Campbell, wherein the said parties above named have agreed to become co-partners in business and by these presents do agree to be copartners together, under and by the name or firm of Waverly, Sayre & Athens Transportation Co. FOR the purpose of rendering service as a carrier for the transportation of property by motor vehicle as may be authorized by the Pennsylvania Public Utility Commission. AND all the net gains, profit and increase that shall come, grow or arise, from or by means of their said business, shall be divided as follows: equally. In Witness Whereof, the said parties to this Agreement have *100 hereunto set their hands and seals the day and year first above written." Conforming to his practice in keeping the accounts for the sons, petitioner, on January 1, 1944, charged to each of their accounts the respective son's purchase price of his one-third interest in the firm, such price being equal to one-third of the $5,000 original cost of the company to the petitioner, plus one-third of the then book value of the company. Both sons had substantial property in addition to the credit balances in these accounts. One-third of the earnings of the company for the calendar year 1944 was withdrawn and credited to the account kept for his sons. In the early part of 1945, withdrawals from the company were similarly credited to these accounts. The petitioner made a final accounting to the sons of all such moneys. These funds were used in part to buy real property used in the operation of the business, to pay the Federal income taxes of the sons, to buy real estate, securities and insurance for the sons, to wire cash to the sons while away in the service, and for similar purposes. Wells returned from the service in April 1945 and Ray returned in July 1945. Both immediately went to *101 work for the bus line, Ray as a mechanic and Wells as a driver. Because of poor health, Ray was obliged to give up active work for the company after a few months and engage in another activity. Wells remained with the company and is now the sole owner thereof, having acquired the interests of petitioner and his brother Ray by purchase. The petitioner, Ray and Wells each reported one-third of the earnings of the company for the calendar year 1945 on their individual income tax returns, and paid the taxes due thereon. As above stated, respondent held that the company did not constitute a bona fide partnership for tax purposes and attributed the entire earnings of the company for the calendar year 1945 to the petitioner. [Opinion] The record in this case shows beyond any question that petitioner and his two sons intended to and did form a partnership for the operation of the bus company. Each contributed capital in proportion to his interest and each contributed services in so far as called on so to do. The partnership in this case satisfies every reasonable test of partnership and respondent erred in refusing to recognize the same. If by a "partnership * * * for Federal income *102 tax purposes * * *" the respondent meant to imply that such a partnership is an exotic species to be judged by standards inapplicable to other legal partnerships, he is in error. "* * * there is no special concept of 'partnership' for tax purposes." The standards of general applicability in the field of jurisprudence apply here, as elsewhere, under the law. (July 13, 1949). Decision will be entered under Rule 50.